IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT E. WHITAKER                                              PLAINTIFF

    vs.                CASE No. 06-3018

R. JAMES NICHOLSON, Secretary
of Veterans Affairs                                             DEFENDANT

**O R D E R**

Now on this 29th day of November, 2006, comes on to be considered **Defendant's Motion to Dismiss (Doc. 10)** and **Plaintiff's Motion for Summary Judgment (Doc. 15)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action pro se, alleging that in August 1995, he underwent heart surgery at the Little Rock, Arkansas Veteran's Hospital. According to plaintiff, he suffered severe atrial fibrillation following the surgery and the hospital staff failed to provide him with proper medication and treatment for this condition. Plaintiff alleges that this resulted in damage to his heart that has rendered him totally disabled.

Plaintiff brings this action pursuant to 28 U.S.C. §§1346 and 2674 (the Federal Tort Claims Act (FTCA)), seeking to recover "a fair amount of currency that would satisfy the sustained medical debts accrued." (Doc. 1 at pg. 2.) Plaintiff also purports to bring this action pursuant to 38 U.S.C. 1151 (the veteran's

1

disability benefits statute), for "persistent lifelong additional disability."

2. Defendant moves to dismiss, arguing that plaintiff's FTCA claim is barred by the statute of limitations, as plaintiff failed to file a timely claim with the Veterans Administration ("VA"). Defendant further argues that the Court lacks subject matter jurisdiction over plaintiff's claim for veteran's disability benefits.

Plaintiff has responded to the motion to dismiss and has also moved for summary judgment. As the two motions and exhibits thereto involve related issues and arguments, the Court will address them jointly.

3. An FTCA claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Plaintiff asserts that on November 4, 2005, he submitted to the VA a "blank" FTCA claim form, which he attached to a letter requesting an appeal of his claim for veteran's disability benefits.

In response, defendant submits affidavits from VA personnel stating that the VA never received an FTCA claim form from plaintiff and that, in any event, a blank FTCA form attached to a disability benefits appeal letter would not have been sufficient to put the agency on notice of the tort claim.

A claimant satisfies the administrative claim requirement if he provides in writing (1) sufficient information for the agency to investigate the claim and (2) the amount of damages sought. *See Farmers State Savings Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989). Even if, as plaintiff contends, he submitted a blank FTCA claim form with his disability benefits appeal letter, the submission contained no demand for damages and the Court does not believe that it provided sufficient information to trigger an investigation by the VA into a possible FTCA claim.

Further, even if this submission were sufficient to constitute an administrative claim, it was not submitted until over ten years after the events at issue occurred. Accordingly, the claim would have been barred by the FTCA's two-year limitation period. The Court notes that pro se litigants such as plaintiff are not excused from complying with the FTCA's administrative exhaustion requirement. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (given clarity of FTCA's statutory text, it is "certainly not a 'trap for the wary'" and its procedural requirements cannot be interpreted so as to excuse mistakes by those who proceed without counsel).

Based on the foregoing, the Court concludes that plaintiff's FTCA claim is subject to dismissal.

4. With regard to plaintiff's claim concerning his veteran's disability benefits, this Court lacks jurisdiction over any such

claim.  *See* 38 U.S.C. § 511; *Hicks v. Veteran's Admin.*, 961 F.2d 1367, 1369-70 (8th Cir. 1992).

5.  **IT IS THEREFORE ORDERED** that **Defendant's Motion to Dismiss (Doc. 10)** is **GRANTED** and **Plaintiff's Motion for Summary Judgment (Doc. 15)** is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint shall be and hereby is **DISMISSED** in its entirety.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE